J. P. BASS PUBLISHING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11742.   Promulgated June 21, 1928.

*William S. Cole, Esq.*, for the petitioner.
*Albert S. Lisenby, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner added $2,629.34 to the petitioner's reported income for 1920, and $3,573.45 to its reported income for 1921, on the theory that the petitioner had deducted these amounts from its gross income. Apparently, he reached this conclusion from the fact that in the return for each year the petitioner in " Schedule

L.—Reconciliation of Net Income and analysis of changes in surplus" showed these amounts as "Accounts receivable charged off." However, counsel for the respondent stated that "the gross income reported by the petitioner for these years was the gross amount of cash receipts for those years." The returns show that gross income as reported for each year in Schedule A was not reduced by any deduction for bad debts. Consequently, the Commissioner erred in adding these amounts to income.

Evidence to support the other contentions of the petitioner is lacking. Inventories are only proper where by their use income is clearly reflected. The Revenue Acts of 1918 and 1921 provide that "the net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer * * *." Without knowing anything about the method of accounting regularly employed in keeping the taxpayer's books we can not say that it was entitled to use inventories or that the Commissioner committed any error in making adjustments on account of inventories.

The returns seem to have been made upon some improper basis using a cash receipts and disbursements method for some items and an accrual method for others. The Commissioner has determined the deficiencies and computed invested capital on a cash receipts and disbursements basis. The evidence does not indicate that he has done this erroneously. A taxpayer keeping its books on a cash receipts and disbursements basis is not entitled to accrue items and thus increase its invested capital.

On each of the two issues last discussed we have pointed out one fundamental reason why the petitioner failed to sustain its contention. Its proof failed to establish other important facts which we do not feel called upon to discuss.

*Judgment will be entered under Rule 50.*